### STRONG v SOLOMON

Ohio Appeals, 9th Dist, Lorain Co

No 763.   Decided Nov 15, 1935

Stevens & Stevens, Elyria, for plaintiff in error.

C. R. Summers, Oberlin, for defendant in error.

## OPINION

By STEVENS, J.

Defendant urges that upon the authority of Skinner v Pennsylvania Rd. Co., 127 Oh St 69, and Gumley, Admr. v Cowman, 129 Oh St 36, the trial court should have directed a verdict for defendant at the conclusion of plaintiff's evidence, for the reason that plaintiff's own evidence showed him to have violated the assured clear distance portion of §12603, GC, and that he was accordingly guilty of contributory negligence as a matter of law, which negligence proximately contributed to his own injury and damage.

It has been and now is the understanding of this court that one who is himself obeying the law while operating a motor vehicle upon the public highway, has the right to assume, until he has notice to the contrary, that other persons in their use of the highway will use the same in a lawful manner, and we do not understand that the Skinner or Gumley cases, supra, have abrogated that rule.

The contention made by defendant, if followed, would result in a situation where drivers of motor vehicles upon the highways would be disenabled to recover whenever a collision took place, because they did not have their vehicles under such control as to be able to stop them, irrespective of the circumstances surrounding the collision.

We do not believe that such conclusion is consonant with any law now in effect, and it is our conclusion that §12603, GC, has no application in this case; that the case was one for submission to a jury, and that the trial court accordingly did not err in refusing to direct a verdict for defendant.

We do not find that the claim of defendant, with reference to a failure of the court to define the issues, is borne out by the record. The court properly defined negligence, contributory negligence and proximate cause, and those were the only issues made by the pleadings or the evidence.

Upon the other errors assigned by the defendant, we find those claims to be without merit, or at least, if errors intervened, they were not, in our judgment, of a prejudicial character.

Judgment affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.